# EXHIBIT A

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of Clayton County

**For Clerk Use Only**

Date Filed _____
MM-DD-YYYY

Case Number 2023 CV 03071-12

**Plaintiff(s)**
Muhammad  Tallah  S
| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
ASHFORD AT STONERIDGE, LP.
| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney _____  Bar Number _____  Self-Represented ☒

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☒ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number                Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.18

☒ Superior Court  ☐ Magistrate Court
CLAYTON COUNTY, GEORGIA

CASE NUMBER 2023CV03017

Taliah Muhammad
_____ Plaintiff ☐

VS.

Ashford At Stoneridge Apts
_____ Defendant ☐
1048 Flat Shoals Rd.
_____ Address ☐
Atlanta, Ga. 30349
_____

Attorney or Plaintiff's Name & Address

Taliah Muhammad
1048 Flat Shoals Rd. #703
Atlanta, Ga. 30349

_____ Garnishee ☐

_____ Address ☐

Designate Party to be served by placing a check in box above.

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL ☐**
I have this day served the defendant ........................................................................ personally with a copy of the within action and summons.

**NOTORIOUS ☒**
I have this day served the defendant Ashford At Stoneridge Apts .......... by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of Dominique Tanner ................................................. described as follows

age, about .......... years; weight, about .......... pounds; height, about .......... feet and .......... inches, domiciled at the residence of defendant, at .......... A.M. - P.M.

**CORPORATION ☐**
Served the (defendant, Garnishee) .................................................................. a corporation by leaving a copy of the within action and summons with ........................................................................ in charge of the office and place of doing business of said Corporation in this County, at .......... A.M. - P.M.

**TACK & MAIL ☐**
I have this day served the above affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class, in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST ☐**
Diligent search made and defendant .............................................................................. not to be found in the jurisdiction of this Court.

The defendant is required to answer no later than .................................................., 20.........., at the place stated in the summons.

This .......... day of .............................., 20..........

_____
DEPUTY SHERIFF, CLAYTON COUNTY.

WHITE: Clerk    CANARY: Plaintiff    PINK: Defendant

IN THE STATE COURT, CIVIL DIVISION
IN AND FOR CLAYTON COUNTY, GEORGIA

TALIAH MUHAMMAD

    Plaintiff,

v.                                       Case Number: 2023 CV 03017-12
                                       Division:

ASHFORD AT STONERIDGE APTS. LP

    Defendant.

_____/

## COMPLAINT

Comes now the Plaintiff, TALIAH MUHAMMAD ("TALIAH"), Pro se, sues the Defendant, ASHFORD AT STONERIDGE APTS. LP, ("Ashford at Stoneridge" hereinafter "Defendant"), in connection with breach of rental contract, negligence in making repairs and subsequent conduct escalating to financial losses and mental agonies and states as:

### PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, TALIAH MUHAMMAD, Pro se, brings this action against the Defendant, ASHFORD AT STONERIDGE APTS. LP, ("Defendant"), regarding unjust denial of prompt maintenance repairs leading to severe health issues and inhabitable living conditions.

2. Plaintiff is an African American Muslim woman who wears the full niqab (face veil) and a tenant residing at 1048 Flat Shoals Road Apt 703, Atlanta, GA 30349.

3. The Defendant is the owner and operator of the Ashford at Stoneridge Apartments located at 1048 Flat Shoals Rd, Atlanta, GA 30349.

4. This Court has jurisdiction over the matter as the events and actions leading to this lawsuit occurred within Clayton County, Georgia.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

5.      The Plaintiff, Taliah Muhammad, an African American Muslim woman who wears the full niqab (face veil), is the head of a household consisting of herself and her three children, Hanif Jones, Naeemah Adam, and Ya'qub Adam. They relocated from Henrico, Virginia to Atlanta, Georgia on March 24, 2022, seeking a safe and habitable home and leased/rented the apartment addressed at: 1048 Flat Shoals Rd. Apt 703, Atlanta, GA 30349.

6.      On April 29, 2022, the Plaintiff entered into a lease agreement with the Defendant, Ashford at Stoneridge, without a proper walk-through of the premises. Corey Strowbridge, the Assistant Community Manager/Leasing Specialist, oversaw the lease signing process. Despite applying online and being unfamiliar with the property, a thorough inspection was not conducted at the time of lease signing.

7.      Upon entering the apartment, the Plaintiff immediately identified multiple visible issues, signaling an inhospitable living environment. These included a malfunctioning air conditioning unit, emitting uncomfortable heat and discomfort. The Plaintiff promptly reported this to Corey Strowbridge, but the issue persisted for a month before resolution.

8.      Furthermore, the apartment exhibited a noxious odor and visible mold infestation, especially in the bathrooms. Water leaks were prevalent, causing dry rotting and mold, particularly under the kitchen and master bathroom sinks. The back door was left unlocked, compromising security.

9.      The Plaintiff promptly reported these issues to Corey Strowbridge, seeking maintenance and repairs to rectify the alarming state of the apartment. However, the Defendant consistently delayed addressing these critical concerns.

10.     The Defendant's negligence in addressing the maintenance requests led to a prolonged period of inhabiting a unit rife with hazardous conditions, causing severe health

problems for the Plaintiff and her children. The ongoing water leaks and mold infestation resulted in debilitating fatigue, chronic migraines, skin rashes, gastrointestinal issues, among other health complications.

11. The Defendant failed in its duty to provide habitable living conditions, infringing upon the Plaintiff's rights and causing significant emotional distress and financial strain.

12. Despite being apprised of the pressing maintenance and health concerns, the Defendant consistently delayed and inadequately addressed the situation, showcasing a blatant disregard for the well-being of the Plaintiff and her children.

13. On September 9, 2023, mold samples were taken from several areas within the apartment, and the results were received on September 19, 2023. The testing confirmed the presence of harmful mold, emphasizing the perilous conditions that the Plaintiff and her children endured. [Mold Test Results: [Link to Mold Test Results]].

14. In an attempt to mitigate the health risks posed by the apartment's conditions, the Plaintiff, upon the Defendant's suggestion, moved temporarily to a model unit provided by the Defendant. This move was made under the premise of ensuring the Plaintiff's safety while the original apartment was remediated by a licensed and certified mold remediation company.

15. During the stay at the model unit, the Plaintiff continued to endure inconveniences, including lack of doors and minimal furnishings, which adversely impacted her ability to work effectively, and her children's capacity to learn and study.

16. Despite promises of a safe and habitable environment, the Plaintiff was informed by the Defendant that the air quality test conducted in the original apartment showed no mold detected. However, the Plaintiff was denied access to the actual test results, raising concerns about the accuracy and transparency of the remediation and testing process.

17. The repairs and maintenance performed by the Defendant have been

consistently unsatisfactory, failing to adequately address the health and safety concerns that have been repeatedly raised by the Plaintiff.

18. Given the confirmed presence of harmful mold in the apartment, the Plaintiff strongly contends that eviction from the model unit without proper remediation and necessary air quality and mold tests in both the original and temporary units would be unjust and harmful.

## COUNT I – NEGLIGENCE AND BREACH OF IMPLIED WARRANTY OF HABITABILITY

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 9 as if fully set forth herein and further states:

19. The Defendant, Ashford at Stoneridge Apartments, had a duty to maintain the premises in a habitable condition, free from water leaks, mold, and other health hazards, as required by law and the implied warranty of habitability.

20. The Defendant breached this duty by negligently ignoring and delaying the necessary repairs, leading to severe health issues and inhabitable living conditions for the Plaintiff and her children.

21. The Defendant's negligence and breach of the implied warranty of habitability were the direct and proximate cause of the Plaintiff's health problems and emotional distress.

22. Mold tests conducted on September 9, 2023 revealed the presence of hazardous mold spores exceeding permissible levels, confirming the unhealthiness of the Plaintiff's living environment due to the Defendant's negligence.

23. The repairs carried out by the Defendant have been consistently inadequate, further exacerbating the Plaintiff's health issues and failing to rectify the underlying problems causing water leaks and mold growth.

24. As a result of the Defendant's negligence and breach, the Plaintiff suffered

significant damages, including medical expenses, missed work, emotional distress, and other associated costs.

## COUNT II – VIOLATION OF FAIR HOUSING ACT

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 24 as if fully set forth herein and further states:

25. The Defendant's actions, as detailed in Paragraphs 1 through 24, constitute discrimination on the basis of religion and race, violating the Fair Housing Act (42 U.S.C. § 3601 et seq.).

26. Despite the Plaintiff being an African American Muslim woman who wears the full niqab, the Defendant unjustly denied prompt maintenance repairs, directly linked to her religious beliefs and representation thereof.

27. The Defendant's discriminatory actions have inflicted severe emotional distress and tangible harm upon the Plaintiff and her children, violating their rights to a home free from discrimination based on religion and race.

28. The Defendant's discriminatory actions were deliberate, willful, and in complete violation of the Fair Housing Act, thereby warranting legal redress and compensatory relief.

## COUNT III – BREACH OF CONTRACT

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28 as if fully set forth herein and further states:

29. The Plaintiff and Defendant entered into a lease agreement on April 29, 2022, for the rental of Apartment 703 at Ashford at Stoneridge Apartments.

30. The lease agreement implicitly included an obligation for the Defendant to maintain the premises in a habitable condition, as required by law and the implied warranty of

habitability.

31. This implicit obligation encompasses addressing water leaks, mold infestations, and other necessary repairs to ensure the habitability of the premises.

32. The Defendant materially breached this contractual obligation by inadequately addressing and delaying vital maintenance requests, as outlined above.

33. The Defendant's failure to uphold their end of the contract led to substantial damages, including health issues, emotional distress, and financial strain for the Plaintiff.

34. The Plaintiff seeks due compensation and equitable relief to remedy the breach of contract and mitigate the damages caused by the Defendant's negligence and disregard for the lease agreement.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23 as if fully set forth herein and further states:

35. The Defendant's deliberate and ongoing negligence in addressing maintenance issues, despite being fully aware of the severe impact on the Plaintiff's health and living conditions, constitutes outrageous conduct.

36. The Defendant's actions were calculated and intended to cause severe emotional distress to the Plaintiff and her children, demonstrating a reckless disregard for their well-being.

37. The Plaintiff and her children have suffered extreme emotional distress as a direct result of the Defendant's intentional actions, causing severe disruption to their lives and well-being.

38. The Plaintiff demands appropriate compensation for the emotional trauma endured due to the Defendant's intentional infliction of emotional distress.

## COUNT V – ABUSE OF LEGAL PROCESS AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (REGARDING INVOLVING THE POLICE)

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 38 as if fully set forth herein and further states:

39. The Defendant's involvement of law enforcement, under false pretenses and with hostile intent, when there was no imminent threat or need for police intervention, constitutes an abuse of the legal process and intentional infliction of emotional distress.

40. The Defendant's conduct in weaponizing the police to intimidate the Plaintiff and her family was intentional, outrageous, and done with the sole purpose of causing severe emotional distress and pressure.

41. The Plaintiff and her children suffered extreme emotional distress due to the unwarranted involvement of law enforcement, causing additional trauma and distress on top of their existing living conditions and health issues.

## COUNT VI – DAMAGES AND RECOVERY OF RENT PAID

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 41 as if fully set forth herein and further states:

42. The Plaintiff has paid rent in a timely manner in accordance with the lease agreement for the premises, despite the Defendant's breach of their obligations to maintain a habitable living space.

43. The Plaintiff seeks to recover the rent paid during the period of inhabiting the unit in its substandard and hazardous condition due to the Defendant's negligence and refusal to address maintenance issues adequately.

44. The Defendant's failure to provide a habitable living space has diminished the value of the Plaintiff's rental payments and caused financial harm to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TALIAH MUHAMMAD, respectfully requests this Honorable Court to enter judgment against the Defendant, ASHFORD AT STONERIDGE APARTMENTS, for compensatory damages, including past and future medical expenses, lost income, emotional distress, punitive damages, recovery of rent, attorney's fees, an injunction mandating necessary repairs and habitable living conditions and/or relocation expenses, and any further relief this Honorable Court deems equitable and just. As a direct and proximate result of the Defendant's acts, the Plaintiff has been damaged in an amount to be determined at the time of trial and in excess of the jurisdictional requirements.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable herein.

Taliah Muhammad

*[signature]*

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

Taliah Muhammad  
         Petitioner,

vs.

Ashford at Stoneridge Apts., LP.  
         Respondent.

Civil Action

Case Number: 2023CV03081-12

**FILED CLAYTON COUNTY 2023 SEP 27 P 2:22**

## VERIFICATION

My name is **Taliah Muhammad**_____. I hereby swear or affirm, before a notary public, that I have read **Taliah Muhammad's Civil Complaint**_____ [*insert name of document*] that I am filing with this Verification, and the facts stated in it are true.

☐ Petitioner/ ☒ Respondent, *pro se* [*signature*]

Subscribed and sworn before me  
on __27th September__, 20 __23__.

_____  
Notary Public

GHULAM M. GULAMALI  
NOTARY PUBLIC  
GWINNETT COUNTY  
STATE OF GEORGIA  
Commission # W-0066954  
My Comm. Expires Aug. 10, 2026